UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN KINSEL | * | CIVIL ACTION |
| VERSUS | * | NO: 08-1512 |
| N. BURL CAIN, WARDEN | * | SECTION: "D"(6) |

## ORDER AND REASONS

Having considered the second §2254 Petition filed by John Kinsel, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge (filed on March 31, 2010), and the Petitioner's Objection to same (filed on April 14, 2010), the court rejects the Magistrate Judge's Recommendation that Kinsel's second §2254 Petition be dismissed as untimely, but the court finds that Kinsel's claim of witness recantation does not entitle him to federal habeas relief.

In September 1999, a jury found Kinsel guilty of the aggravated rape of his twelve-year old step-daughter, Alyssa Medlin, and he was sentenced to life imprisonment. The Louisiana Fifth Circuit Court of Appeals affirmed Kinsel's conviction and sentence (reported at *State v. Kinsel*, 783 So.2d 532 (La.App. 5th Cir. 2001), and the Louisiana Supreme Court denied a *writ* of

*certiorari.* Kinsel filed an Application for Post Conviction Relief which was denied (by the state district court), as well as his Application for Supervisory Writs (by the state appellate court) and Application for Writ Review (by the Louisiana Supreme Court). On April 9, 2004, Kinsel filed his first §2254 Petition, which this court denied on January 5, 2005.  (EDLA No. 04-1010).

On October 20, 2005, Kinsel's accuser, Alyssa Medlin, made a sworn statement recanting her accusations against Kinsel.  (*See* Medlin Sworn Statement contained in state record, Vol. 8 of 8).  On March 23, 2006, Kinsel filed, *pro se*, a second Application for State Post-Conviction Relief based on his accuser's recantation, and on June 1, 2006, his counsel filed a second Application for State Post Conviction Relief on Kinsel's behalf.[1] The state court held an evidentiary hearing on October 4, 2006, at which time Alyssa Medlin (and others) testified.  In her testimony, Ms. Medlin affirmed her recantation but at the close of the evidentiary hearing, the judge (who was not the same judge who presided over Kinsel's jury trial)[2] told Ms. Medlin:

> [A]ll I can say is you are the Court's worse nightmare.  Absolutely.  It is not something

---

[1] Kinsel's *pro se* second Application for Post-Conviction Relief (filed on March 23, 2006) is contained in the state court record, Vol. 3 of 8, and the second Application for Post-Conviction Relief filed by his counsel (on June 1, 2006) is contained in the state court record, Vol. 5 of 8.

[2] Judge Kernan Hand presided over Kinsel's jury Trial, and Judge Charles Cusimano held the evidentiary hearing.

> humorous. I don't mean this in any way humorous; and the Court sits here and has to-it's always a concern when he has to sentence someone and put him in jail, particular (*sic*) based on primarily the testimony of one person, that you are judging one person's credibility against another. You come into court today admitting that you lied at some time, now it is up to the judge to decide when you are a liar and when you are not a liar.
>
> I think you are a liar today on the stand, not just about the big issue. I think you lied to me on the stand today. It doesn't make my thought process any easier at all, because in the same vein I don't want o let a guilty man out of jail once he has been convicted by a jury, and it's been appealed.

(*See* State Court Record, Vol. 8 of 8, at Bate Stamp p. 160, Evidentiary Hearing at p. 75).

The state court ultimately granted Kinsel a new trial although the judge stated in open court that:

> I think that there was no courage on the part of the victim coming forth. I think rather than courage, if there was any way of punishing that victim I would do it. Not because of the acts that may have perpetrated or not perpetrated, but from her testimony on the stand I've gone back and I've re-read the transcripts from prior to and I've read the transcripts at the trial, at this motion hearing, and her testimony is inconsistent.
>
> Her testimony on direct examination states that she lied because she hated him. On cross-examination she didn't realize that her mind was playing games with her and that it was not him that did anything to her. Totally inconsistent statements.

> The difficulty that I arrive at, having noticed that, is that she is a liar. And I don't k ow when she lied or to what extent she lied. I don't know whether it's the benefit or detriment, but the victim in the case is her. To find out that she lived eight years knowing it was a lie, or at least that's what she says knowing it was a lie and not coming forward, that's no hero coming forward today. That's not repressed memory where suddenly she remembers. She said she lived for eight years with her mother knowing that he was innocent. I'm not sure I believe her about whether it happened or not, but I don't know at which time am supposed to believe her.

(*Id*. at Bate Stamp pp. 167-68).

The State applied for a writ of review to the Louisiana Fifth Circuit Court of Appeal, which granted writs and reversed the district court. In its opinion, the appellate court recited the underlying facts from its opinion in *State v. Kinsel*, 783 So.2d at 534-37, and then discussed the testimony of the witnesses (including ADA Donnie Rowan, ADA Greg Kennedy, investigator Vince Lamia, Alyssa Medlin, and Alyssa Medlin's mother) who testified at the evidentiary hearing. (A copy of the unpublished appellate decision is contained in the state court record, Vol 4 of 8 and Vol. 8 of 8). The appellate court found that "not only was [Ms. Medlin's] recantation unreliable and inconsistent, but much of the testimony offered by the Defendant at the evidentiary hearing below was evidence that was heard and rejected by the jury at trial," and that Kinsel was not "entitled to a second trial so that he may

4

raise issues of fact that have already been resolved by a jury." (Appellate ruling at p. 9, 10). The appellate court thus concluded that the district court "abused its discretion in granting Kinsel a new trial based on the victim's recantation." (*See* Ruling of Louisiana Fifth Circuit Court of Appeal contained in State Court Record, Vol. 8 of 8). Kinsel filed an Application for Writ of Certiorari, which the Louisiana Supreme Court denied without reasons on November 9, 2007.

On April 2, 2008, Kinsel filed his second §2254 Petition claiming "Actual Innocence, based on the accuser recanting, and Fundamental Miscarriage of Justice." (*See* second §2254 Petition, EDLA No. 08-1512, Doc. No. 1 at p. 4). The United States Court of Appeals for the Fifth Circuit authorized the filing of this successive §2254 motion, finding that "Kinsel's claim of witness recantation at least 'warrant[s] a fuller exploration by the district court.'" (Doc. No. 4 at p. 1, *citing Reyes-Requena v. United States*, 243 F.3d 893, 899 (5th Cir. 2001)). The Fifth Circuit noted, however, that "the district court may dismiss the motion if it determines that this claim does not satisfy the successive standard. *See id.*; 28 U.S.C. §2244(b)(4)." (*Id.* at p. 4).

In his Report and Recommendation, the Magistrate Judge found that "[i]n May, 2005, the victim, Alyssa Medlin, informed

petitioner's counsel that she had lied at trial," and he used March 31, 2005, as the prescription start date or the date on which petitioner "could have learned" of the factual predicate "through the exercise of due diligence." (Report & Recommendation, Doc. No. 21 at p. 6, *citing* §2244(d)(1)(D)).  In using this March 31, 2005 dates, the Magistrate Judge notes that "during petitioner's October 4, 2006 evidentiary hearing, petitioner's counsel informed the state district court on the record that "Alyssa Medlin contacted [her] office in approximately May of 2005." (*Id.* at p. 6, n. 7, *citing* State rec., Vol. 8 of 8, October 4, 2006 evidentiary hearing transcript, p. 4).  However, Kinsel's counsel more fully explained at the evidentiary hearing that:

> Alyssa Medlin contacted my office in approximately May of 2005.  My associate Lauren Williams spoke with her at that time.  We explained to her that we were–our firm represented John Kinsel, and we could not speak with her.  Asked her to contact the District Attorney's office, handle the matter the best she could.
>
> We were contacted again by her, later.  We subsequently took the deposition ... which we obtained from her once– she came to New Orleans.  She was living in Colorado when we first-

(State rec., Vol. 8 of 8, October 4, 2006 evidentiary hearing transcript, pp. 4-5).

The court concludes that **October 20, 2005**, the date of Alyssa

Medlin's deposition or sworn statement, and not some prior date when Ms. Medlin (who was living in Colorado) contacted Kinsel's counsel (in Louisiana), triggers the running of prescription under §2244(d)(1)(D). It was only when Ms. Medlin was deposed on October 20, 2005, that petitioner (who was incarcerated) "could have learned" of the factual predicate "through the exercise of due diligence." §2244(d)(1)(D)).

From October 20, 2005 to March 23, 2006 (the filing of Petitioner's *pro se* second state post-conviction application), 153 days of Petitioner's 365-day limitation had expired, and prescription was tolled until November 9, 2007, when the Louisiana Supreme Court denied his writ application. Another 145 days passed from November 9, 2007 to April 2, 2008, when he filed the instant §2254 petition.[3] By then, Kinsel was still within his 365-day limitation period: 153 + 145 = 298 days. Thus, Kinsel's instant §2254 Petition is timely.[4]

Although Kinsel's instant §2254 Petition is timely, the court nevertheless finds that under the highly deferential standard for

---

[3] The court rejects the State's argument that prescription continue to run until June 20, 2008, when Kinsel filed with the United States Fifth Circuit Court of Appeals, his motion for authorization to file successive petition.

[4] The court notes that the State initially stated that Kinsel filed his *pro se* second post-conviction application on March 14, 2006, and then later amended its brief to state that Kinsel's *pro se* second post-conviction application was filed on March 27, 2006. (Docs. Nos. 15 & 17). While using either of these dates in the timeliness analysis would still result in a timely filing, the state court record supports a finding that March 23, 2006 was the date on which Kinsel filed his *pro se* second post-conviction application. *(*See Kinsel's *pro se* second post-conviction application contained in the state court record, Vol. 3 of 8).

7

evaluating state-court rulings, Kinsel is not entitled to federal habeas relief.  Under AEDPA, §2254,

> (d) An application for a writ of habeas corpus on behalf of a person is custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court, a determination of a factual issue by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting this presumption of correctness by clear and convincing evidence.

 28 U.S.C. §2254(d) & (e)(1).

In this case, the court finds that the decision of the Louisiana Fifth Circuit Court of Appeal that the district court "abused its discretion in granting Kinsel a new trial based on the victim's recantation" was neither contrary to, or involved an *unreasonable* application of, clearly established Federal law, nor

based on an *unreasonable* determination of the facts in light of the evidence presented in the State court proceeding.  AEDPA, §2254(d).  Further, the determination of factual issues by Louisiana Fifth Circuit Court of Appeal is presumed to be correct, and Kinsel has failed to meet his burden of rebutting this presumption of correctness by clear and convincing evidence.  AEDPA, §2254(e)(1).

Accordingly;

**IT IS ORDERED** that Kinsel's second §2254 Petition be and is hereby **DENIED** with prejudice.

New Orleans, Louisiana, this **21st** day of **April**, **2010**.

                                                       _____
                                                                A.J. McNAMARA
                                                       UNITED STATES DISTRICT JUDGE